**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEAL PRESTON, | |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-04510 |
| CAVALRY SPV I, LLC and CAWLEY & BERGMANN, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

<u>**CLASS ACTION COMPLAINT**</u>

NOW COMES NEAL PRESTON ("Plaintiff"), by and through his undersigned attorney, and complaining as to the conduct of CAVALRY SPV I, LLC ("Cavalry") and CAWLEY & BERGMANN, LLC (collectively, "Defendants"), as follows:

**I. Jurisdiction, Parties And Venue**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d), 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in this District and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

4. Defendant CAWLEY & BERGMANN, LLC ("C&B") promotes itself on its website as "a debt collection company specializing in the recovery of delinquent consumer debt." https://www.cawleyandbergmann.com/about-us

1

5.  C&B's website also states that "our clients are financial institutions across the Unites States who provide financial services to consumers."

6.  C&B is a limited liability company organized under the laws of the State of New York, with its principal place of business located at 550 Broad St., Suite 1001, Newark, New Jersey.

7.  C&W's registered agent for the State of Illinois is National Registered Agents INC., located at 208 SO LASALLE ST, SUITE 814 CHICAGO , IL 60604.

8.  Defendant CAVALRY SPV I, LLC ("Cavalry") is a limited liability company organized under the laws of the State of Delaware.

9.  Cavalry's principal place of business located at 500 Summit Lake Drive, Number 400, Valhalla, New York.

10. Cavalry is a debt purchaser that purchases delinquent consumer accounts from various financial institutions and other entities.

11. Cavalry is third-party debt collector as defined by Section 1692a(6) of the FDCPA.

12. Cavalry's registered agent for the State of Illinois is C T Corporation System, 208 S. LaSalle St. Suite 814, Chicago, IL 60604.

**II.   Background and Purpose of the FDCPA**

13. The Seventh Circuit has observed that debt collectors are well known for deliberately crafting letters to urge consumers to pay their debts:

> the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on "unfair or unconscionable means" to attempt to collect debts, § 1692f.

*Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. )

2

14.     The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". 15 U.S.C. § 1692. In particular, § 1692 states as follows:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

16.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

17.    Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

18.    Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

19.    Notably, the FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

**III.    Defendants' Collection Activities**

20.    The instant action stems from Defendants' attempts to collect upon a defaulted credit card debt (the "Subject Debt") that Plaintiff purportedly owed to Citibank, N.A. ("Citibank").

21.    Plaintiff incurred the Subject Debt to fund the purchase of personal and family household goods and services.

22.    On or around October 1, 2019, C&B mailed or caused to be mailed a letter to Plaintiff in an attempt to collect the Subject Debt.

23.    The October 1, 2019 letter did not arrive at the identified address until October 7, 2019.

24.    The October 1, 2019 letter, is a standard form letter used by C&B.

25.    The October 1, 2019 letter conveyed various information regarding the Subject Debt, including the amount owed, the identity of the original creditor as "Citibank, N.A.", and listed "Cavalry SPV I, LLC" as the "Current Creditor".

26.    As discussed below, there is significant doubt as to whether Cavalry SPV I, LLC is the actual creditor of the Subject Debt.

27. The October 1, 2019 letter was a "communication" as that term is defined at §1692a(2) of the FDCPA. 25. The Letter is a form letter.

28. On information and belief, Cavalry is C&B's principal.

29. Consequently, Cavalry is liable for C&B's actions as Cavalry exercises control over C&B's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

30. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

31. Plaintiff's TransUnion credit report reflects that "Cavalry Portfolio SVCS" opened a tradeline to report the Subject Debt on September 13, 2019.

32. Plaintiff's TransUnion credit report reflects that Cavalry Portfolio SVCS was reporting the status of the Subject Account as a "PLACED FOR COLLECTION".

33. Plaintiff's TransUnion credit report reflects that his "item" associated with Cavalry Portfolio SVCS "will be removed: 10/2022".

34. Plaintiff's Experian credit report reflects that "Cavalry Portfolio Service" opened a tradeline to report the Subject Debt beginning in September of 2019.

35. Plaintiff's Experian credit report reflects that Cavalry Portfolio Service began reporting the Subject Debt to Experian beginning in October of 2019.

36. Plaintiff's Experian credit report reflects that Cavalry Portfolio Service was reporting the status of the Subject Account as a "[c]ollection account".

37. Plaintiff's Experian credit report reflects that his "account" with Cavalry Portfolio Service "is scheduled to continue on record until Aug 2022."

38.     Plaintiff's Experian credit report does not identify Cavalry SPV I, LLC as the current creditor of the Subject Debt.

39.     The October 1, 2019 letter proposed three separate payment options.

40.     The first payment option proposed to "[t]ake **$4,575.36** off the balance" and required Plaintiff to "[p]ay **$6,863.03** no later than **11/15/19**." (Emphasis in original).

41.     Below the above quoted phrase, the October 1, 2019 letter stated that "[y]our account will be considered '**Settled in Full**' after we post your payment*". (Emphasis in original).

42.     The * symbol led to a disclosure which stated:

> *Your payment must be received in our office by the date indicated above, in good funds, or this offer will be null and void. Upon the clearance of funds this debt will be considered settled in full.  We are not obligated to renew this offer.

43.     The second payment option proposed to "[t]ake **$3,431.52** off the balance", explained that the proposed settlement amount could be paid three monthly payments in the amount of $2,668.96, and stated that the first payment was "due no later than **11/15/19** and every 30 days thereafter."

44.     Below the above quoted phrase, the October 1, 2019 letter stated that "[y]our account will be considered '**Settled in Full**' after we post your payment*". (Emphasis in original).

45.     The * symbol led to a disclosure which stated:

> *Your payment must be received in our office by the date indicated above, in good funds, or this offer will be null and void. Upon the clearance of funds this debt will be considered settled in full.  We are not obligated to renew this offer.

46.     The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting

one of the proposed settlement offers in violation of Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

47. As the Honorable Ilana Rover explained in her concurring opinion in the case of *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772 (7th Cir. 2020) the above quoted language improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." 948 F.3d at 778. According to Judge Rovner:

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

*Id.*

48. Judge Rover proposed alternative language and invited a future appeal:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."
>
> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently, under the current status of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Id.*

7

49. C&B's use of the phrase "[y]our account will be considered '**Settled in Full**' after we post your payment\*" was drafted to cause unsophisticated consumers to believe that paying less than the full amount of their debt would result in a favorable credit reporting of their debt.

50. The third payment option stated "[s]ubject to your rights described in this letter, contact us to discuss an affordable monthly payment arrangement."

51. Below this line, the October 1, 2019 letter stated "[y]our account will be considered '**Paid in Full**' once the account reaches a zero balance." (Emphasis in original).

52. With regard to the two discounted payment options, an unsophisticated consumer would understand the phrase "Settled in Full" to mean that Defendant would report the debt to credit reporting agencies as "settled in full".

53. However, in reality, no credit reporting agency would publish the settlement of the Subject Debt as Settled *in Full*.

54. Instead, credit reporting agencies would have reported the settlement of the Subject Debt to have been settled for less than the full amount of the Subject Debt.

55. The above two payment options violation Sections 1692e and f of the FDCPA because enticing Plaintiff to settle the Subject Debt through payment options one and two, would not result in any credit reporting agency reporting the Subject Debt being "Settled in Full".

### IV. Class Action Related Claims

56. The October 1, 2019 letter satisfies the numerosity element of FRCP 23(a)(1) because Defendant has plausibly mailed out well over 40 identically formatted letters to consumers in this district.

57. The October 1, 2019 letter satisfies the elements of FRCP 23(a)(2) and 23(a)(3) because the illegality of Defendant's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

58. Plaintiff satisfies FRCP 23(a)(4) because she will fairly and adequately protect the interests of the proposed class members.

59. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

60. Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

61. Before becoming a consumer rights attorney, Mr. Vlahakis worked at Hinshaw & Culbertson for nearly twenty years, where he specialized in defending debt collectors in class action litigation. As a former defense attorney, Mr. Vlahakis understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

62. For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified

TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

63. Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

64. Plaintiff can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

65. Plaintiff can also satisfy FRCP 23(b)(2) because Defendant has acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

**I.  Causes of Action**

**Count I**
**Individual Claim for Violations of Sections 1692e of the FDCPA**

66. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

67. Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

68. The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692e of the FDCPA.

69. The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment

status constitute "false, deceptive, or misleading representation[s] or means in connection with the collection" of the Subject Debt.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

   a. declare that the October 1, 2019 form collection letter violates Section 1692e of the FDCPA;

   b. enjoin Defendants from using the subject from collection letter;

   c. award Plaintiff statutory damages of up to $1,000; and

   d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claims for Violations of Section 1692e of the FDCPA**

70.     Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

71.     Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

72.     The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692e of the FDCPA.

73.     The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment status constitute "false, deceptive, or misleading representation[s] or means in connection with the collection" of the Subject Debt.

74.     At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

75. The above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

76. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

77. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A.

78. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

79. The proposed class can be ascertained by Defendant's records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

a. declare that the October 1, 2019 form collection letter violated Section 1692e of the FDCPA;

b. enjoin Defendants from using the subject form collection letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III**
**Individual Claim for Violations of Sections 1692e(2)(A) of the FDCPA**

80. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

81. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a "false representation of — (A) the character, amount, or legal status of any debt".

82.     The October 1, 2019 letter constitutes a "false representation" or the character and/or amount of the subject debt.

83.     The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692e of the FDCPA.

84.     The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment status constitutes a "false representation" or the character and/or amount of the subject debt to the extent that the letter created a false sense of urgency toward Plaintiff and similarly situated consumers.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

      a.  declare that the October 1, 2019 form collection letter violates Section 1692e(2)(A) of the FDCPA;

      b.  enjoin Defendants from using the subject from collection letter;

      c.  award Plaintiff statutory damages of up to $1,000; and

      d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claims for Violations of §1692e(2)(A) of the FDCPA**

85.     Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

86.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a "false representation of — (A) the character, amount, or legal status of any debt".

87.     The October 1, 2019 letter constitutes a "false representation" or the character and/or amount of the subject debt.

88. The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692e(2)(A) of the FDCPA.

89. The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment status constitute "false representation of — (A) the character, amount, or legal status of" the Subject Debt.

90. The October 1, 2019 letter constitutes a "false representation" or the character and/or amount of the subject debt to the extent that the letter created a false sense of urgency toward Plaintiff and similarly situated consumers.

91. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

92. Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

93. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

94. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A.

95. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

96. The proposed class can be ascertained by Defendants' records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

14

a. declare that the October 1, 2019 form collection letter violated Section 1692e(2)(A) of the FDCPA;

b. enjoin Defendants from using the subject form collection letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V**
**Individual Claim for Violations of Sections 1692e(10) of the FDCPA**

97. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

98. Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

99. The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692e(10) of the FDCPA.

100. The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment status constituted a representation or deceptive means to collect or attempt to collect the Subject Debt from Plaintiff in violation of Section 1692e(10) of the FDCPA.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

a. declare that the October 1, 2019 letter violates Section 1692e(10) of the FDCPA;

b. enjoin Defendants from using The October 1, 2019 letter in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VI – Class Action Claims for Violations of Section 1692e(10) of the FDCPA

101. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

102. Section 1692e(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt".

103. The October 1, 2019 letter false constituted a representation or deceptive means to collect or attempt to collect the Subject Debt from Plaintiff in violation of Section 1692e(10) of the FDCPA.

104. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

105. Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

106. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

107. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A.

108. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

109. The proposed class can be ascertained by Defendants' records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

16

a. declare that the October 1, 2019 form collection letter violated Section 1692e(10) of the FDCPA;

b. enjoin Defendants from using the subject form collection letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII**
**Individual Claim for Violations of Sections 1692f of the FDCPA**

110. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

111. Section 1692f of the FDCPA states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

112. The phrase "[w]e are not obligated to renew this offer" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers in violation of Sections 1692f of the FDCPA.

113. The October 1, 2019 letter's use of the phrase "[w]e are not obligated to renew this offer" singularly and the proposed reporting of a "**Settled in Full**" payment status constituted a unfair means to collect or attempt to collect the Subject Debt from Plaintiff in violation of Section 1692f of the FDCPA.

114. The October 1, 2019 letter constitutes an unfair to collect the Subject Debt to the extent Defendant routinely renews the type of offer expressed on the face of The October 1, 2019 letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

a. declare that the October 1, 2019 form collection letter violates Section 1692f of the FDCPA;

b. enjoin Defendants from using the subject from collection letter;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII – Class Action Claims for Violations of Section 1692f of the FDCPA**

115. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

116. Section 1692f of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

117. The October 1, 2019 letter constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" to the extent Defendant routinely renews the type of offer expressed on the face of The October 1, 2019 letter - without informing consumers that *we may, but are not obligated to, renew this offer.*

118. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

119. Defendant's use of the above described form collection letter satisfies the elements of typicality, commonality, predominance and superiority.

120. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

121. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A.

122. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

123. The proposed class can be ascertained by Defendant's records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

    a. declare that the October 1, 2019 form collection letter violated Section 1692f of the FDCPA;

    b. enjoin Defendants from using the subject form collection letter;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their debts after receiving the subject form collection letter; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IX**
**Individual Claim for Violations of Sections 1692g, 1692e, e(2)(A), e(10) and f of the FDCPA**

124. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

125. Section 1692g(a)(2) of the FDCPA requires a debt collector's first written communication to a consumer to identify "the name of the creditor to whom the debt is owed".

126. The October 1, 2019, letter to Plaintiff was the first communication he received from C&B.

127. The October 1, 2019, letter lists "Cavalry SPV I, LLC as the "Current Creditor" and further states that "[t]his company [C&B] has been contracted to collect a debt owed by you to Cavalry SPV I, LLC."

128.   The above quoted statements are contradicted by how the Subject Debt is being credit reported in violation of Section 1692g(a)(2) and Sections 1692e, e(2)(A), e(10) and f of the FDCPA.

129.   After receiving the October 1, 2019, letter, Plaintiff paid for a credit report to identify who owe the Subject Debt. As reflected above Cavalry Portfolio Service, not Cavalry SPV I, LLC, is listed on Plaintiff's Experian credit report.

130.   For the above reasons, Defendants violated Section 1692g(a)(2) as well as 1692e, e(2)(A), e(10) and f of the FDCPA.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

a.   declare that the October 1, 2019 form collection letter violates Section 1692e of the FDCPA;

b.   award Plaintiff statutory damages of up to $1,000; and

c.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count X – Class Action Claims for Violations of §§ 1692g(a)(2), 1692e, e(2)(A), e(10) and f of the FDCPA**

131.   Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

132.   On information and belief, just like with Plaintiff, Defendants violated Section 1692g(a)(2) as well as Sections 1692e, e(2)(A), e(10) and f of the FDCPA with regard to at least 40 persons with addresses from within this District were sent a similar form collection letter by Defendant.

133.   Defendant's use of the above described form collection letter and improper credit reporting satisfies the elements of typicality, commonality, predominance and superiority.

134. On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

135. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A. and the collection letter improperly identified Cavalry SPV I as the original creditor where credit reporting by Defendants identified other creditors.

136. The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

137. The proposed class can be ascertained by Defendants' records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

> a. declare that Defendants violated Sections 1692g(a)(2), 1692e, e(2)(A), e(10) and f of the FDCPA;
>
> b. award class members maximum statutory damages;
>
> c. award class members actual damages if they paid their debts after receiving the subject form collection letter; and
>
> d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XI**
**Individual Claim for Violations of Section 1692e(8) of the FDCPA**

138. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

139. Section 1692e(8) of the FDCPA prohibits debt collectors from "[c]ommunicating ... to communicate to any person credit information which is known or which should be known to be false".

140. As reflected above, Cavalry Portfolio Service, not Cavalry SPV I, LLC, is listed on Plaintiff's Experian credit report.

141. As reflected above, Cavalry Portfolio SVCS, not Cavalry SPV I, LLC, is listed on Plaintiff's TransUnion credit report.

142. Alternatively, Defendants improperly credit reported the Subject Debt in the name of the wrong creditors.

143. For the above reasons, Defendants violated Section 1692ge(8) of the FDCPA.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

      d. declare that the October 1, 2019 form collection letter violates Section 1692e of the FDCPA;

      e. enjoin Defendants from using the subject from collection letter;

      f. award Plaintiff statutory damages of up to $1,000; and

      g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XII – Class Action Claims for Violations of §1692e(8) of the FDCPA**

144. Plaintiff NEAL PRESTON realleges the above paragraphs as though fully set forth herein.

145. Section 1692e(8) of the FDCPA prohibits debt collectors from "[c]ommunicating ... to communicate to any person credit information which is known or which should be known to be false".

146. At least 40 persons with addresses from within this District were sent a similar form collection letter by Defendants where the letters misrepresented the original creditor.

147.    Alternatively, Defendants improperly credit reported the debts in the name of the wrong creditor.

148.    Defendants' conduct satisfies the elements of typicality, commonality, predominance and superiority.

149.    On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

150.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed the form collection letter dated October 1, 2019, where the letter attempted to collect a debt originally owed to Citibank, N.A. and the collection letter improperly identified Cavalry SPV I as the original creditor where credit reporting by Defendants identified other creditors.

151.    The class period is limited to one year from the filing of this lawsuit or until Defendant's unlawful conduct ends.

152.    The proposed class can be ascertained by Defendants' records.

WHEREFORE, Plaintiff NEAL PRESTON respectfully requests that this Honorable Court:

> a.   declare that the October 1, 2019 form collection letter violated Section 1692e(8) of the FDCPA;
>
> b.   enjoin Defendants from using the subject form collection letter;
>
> c.   award class members maximum statutory damages;
>
> d.   award class members actual damages if they paid their debts after receiving the subject form collection letter; and
>
> e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

Plaintiff Demands a Jury Trial,

Respectfully submitted, on behalf of
Plaintiff NEAL PRESTON,

*/s/ James C. Vlahakis*                                    Dated: 7/31/2020
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com